## KING *v.* McGHEE *et al.*

*Lumpkin, J.*—Sureties upon a promissory note, whether they sign the same upon the face or upon the back thereof, are entitled, upon paying the note, to maintain an action thereon against their principal; and a declaration filed by them wherein they sue upon the note as the owners of the same, may be amended by setting forth the facts as they exist, and stating their true relation to the contract evidenced by the paper declared upon.
(a) For the distinction between indorsers and sureties by indorsement, see *Sibley et al.* v. *American Exch. Nat. Bank*, 97 *Ga.* 126, 25 S. E. Rep. 470.                    *Judgment affirmed.*
November 2, 1896. Argued at the last term.

Complaint on note. Before Judge Harris. City court of Floyd county. December term, 1895.

E. J. McGhee and J. L. Camp sued J. King alleging: J. King is indebted to them $1,000 principal, besides interest, upon a promissory note, copy of which is annexed. He is also indebted to them for ten per cent. as attorney's fees upon principal and interest of said sum. Said amount of principal, interest and attorney's fees is due and unpaid, and he refuses to pay the same. The copy note attached was dated April 10, 1895, was for $1,000, was signed J. King, was due sixty days after date, was payable to B. I. Hughes, cashier, or order, at a certain bank named, and contained stipulations for the payment of interest and attorney's fees. On the back of the note are the names "E. J. McGhee," "J. L. Camp." To this petition defendant demurred, on the ground that it set forth no cause of action authorizing plaintiffs to recover. Plaintiffs offered the following amendment: Said E. J. McGhee and J. L. Camp endorsed said note of $1,000, a copy of which is

attached to plaintiffs' petition, for accommodation and without consideration to them; that said King failed to pay said note at maturity or since; and that said plaintiffs, as such endorsers, have paid the same and did pay the same before the bringing of this suit, as they were by law bound to do. To the allowance of this amendment defendant objected, because there was nothing to amend by, and because the amendment set forth a new and distinct cause of action. The objection was overruled. Defendant then demurred on the ground that no cause of action was set forth either in the original petition or the petition as amended, and that the amendment set forth a new and distinct cause of action. The demurrers were overruled. To each of the rulings stated, defendant excepted.

*Fouche & Fouche*, for plaintiff in error.
*Dean & Dean*, contra.